UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **NATURE'S TOUCH FROZEN FOODS (WEST) INC.**<br><br>                              *Plaintiff,*<br><br>              v.<br><br>**UNITED STATES,**<br><br>                              *Defendant.* | Court No.  20-131 |

## COMPLAINT

Nature's Touch Frozen Foods (West), Inc. by its undersigned counsel, for its Complaint does hereby state and allege as follows:

## CAUSE OF ACTION

1. This action is commenced to challenge the deemed denial of Nature's Frozen Foods (West), Inc. ("Nature's Touch")'s protest, filed at the port of Sumas, Washington, against the assessment of duties, in liquidation, on certain frozen fruit mixtures entered under cover of the consumption entries shown in the protest.

## JURISDICTION

2. This Court has exclusive subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1581 (a).

2

3. All liquidated duties, taxes and fees were paid prior to the commencement of this action.

## PARTIES

4. Plaintiff Nature's Touch Frozen Foods (West), Inc., a corporation organized and existing under the laws of Canada, is the importer of the merchandise which is the subject of this Complaint and is the real party in interest.

5. The United States is the federal defendant. The actions complained of herein were carried out by its agency, United States Customs and Border Protection, an agency constituted within the Department of Homeland Security.

## STATEMENT OF FACTS

6. The merchandise in question consists of various food preparations being mixtures of frozen fruits, packaged in distinct proportions according to recipe, and put up in packages for retail sale.

7. The various frozen fruits contained in the imported merchandise are derived from fresh fruits grown and harvested in numerous countries, including the United States and Canada, as well as countries which are not signatories to the North American Free Trade Agreement (NAFTA).

8. The goods were classified variously by Customs in liquidation under Harmonized Tariff Schedule subheading 0811.90.10, as "Fruit and nuts, uncooked or cooked by steaming or boiling in water, frozen, whether or not containing added sugar or other sweetening;  Other;

Bananas and plaintains", dutiable at a rate of 3.4% ad valorem; HTSUS subheading 0811.90.52, as "Fruit and nuts, uncooked or cooked by steaming or boiling in water, frozen, whether or not containing added sugar or other sweetening matter: Other; Mangoes" dutiable at a rate of 10.9% ad valorem; or under HTSUIS subheading 0811.90.80, as "Fruit and nuts, uncooked or cooked by steaming or boiling in water, frozen, whether or not containing added sugar or other sweetening matter: Other: Other", dutiable at a rate of 14.5% ad valorem.

9. The various frozen fruits were combined in Canada to form mixtures, based on specially-developed recipes which took into account (1) the relative taste qualities of the frozen fruits being combined, (2) the proper quantities to be combined to ensure the proper taste effects, and (3) the taste and mouth feel profiles of each of the frozen fruits in questions.

10. On information and belief, defendant classified the goods using the principles of General Rules of Interpretation 3(b) to the HTSUS, and which provides that mixtures should be classified as though they existed solely of that material or ingredient which imparts their "essential character"; or under General Rule of Interpretation 3 (c) to the HTSUS, which is the best evidence of its contents and which provides that where no essential character, component or material can be identified, a mixture is to be classified under the tariff provision which occurs last in numerical order among those of deserving of consideration.

## COUNT I

11. Paragraphs 1 through 10 of this Complaint are incorporated by reference herein as though fully set forth herein.

12. Harmonized Tariff Schedule subheading 0811.90, which is the best evidence of its contents, provides for "fruits and nuts, uncooked or cooked by steaming or boiling in water, frozen, whether or not containing added sugar or other sweetening matter: other."

13. HTS Heading 0811.90, and the various subheadings thereunder all provide for individual fruits or specifically named single fruits. They do not provide for "mixtures" of fruits, and fruit mixtures are not classifiable therein.

14. The subject goods are food preparations, consisting of different goods put up in a specific form according to recipe.

15. All of the frozen fruit mixtures embraced by this action are properly classifiable under HTS subheading 2106.90.98 as "food preparations, not elsewhere specified or included: Other" and are dutiable at the rate of 6.4% ad valorem.

## COUNT II

16. Paragraphs 1 through 15 of this Complaint are incorporated by reference as though fully set forth herein.

17. Plaintiff timely filed post-entry claims for duty-free treatment for the subject merchandise under the North American Free Trade Agreement (NAFTA) in accordance with Section 520 (d) of the Tariff Act of 1930, as amended [19 U.S.C. §1520 (d)], providing a properly

executed NAFTA Certificate of Origin for the subject goods as classified under subheading 2106.90.98.

18. To the extent the fruit mixtures are classified under HTS subheading 2106.90.98, they are entitled to duty-free entry as NAFTA originating articles.

**PRAYER FOR RELIEF**

Wherefore, plaintiff prays that this Court enter judgment its favor, classifying the subject frozen fruit mixtures under HTS subheading 2106.90.98, NAFTA originating goods entitled to entry, duty-free; refunding to plaintiff all duties paid, with interest as provided by law; and providing plaintiff with such further and additional relief as this Court may deem just.

    Respectfully submitted,

    NEVILLE PETERSON LLP
    Counsel for Plaintiff,
    Nature's Touch Frozen
    Foods (West), Inc.
    One Exchange Plaza
    55 Broadway, Suite 2602
    New York, NY 10006

    T: (212) 635-2730
    F: (212) 635-0113

    /s/ John M. Peterson
    John M. Peterson, Esq.

July 15, 2020