UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:

|  |  |  |
|---|---|---|
| NATURE'S TOUCH FROZEN FOODS (WEST) INC., | : : : : | |
| Plaintiff, | : : | Court No. 20-00131 |
| v. | : : | |
| UNITED STATES, | : : | |
| Defendant. | : : | |

## **ANSWER**

Pursuant to Rule 7(a) of the Rules of the United States Court of International Trade, the United States, defendant, responds to the allegations of plaintiff's, Nature's Touch Frozen Foods (West) Inc. (Nature's Touch), Complaint as follows:

1. Denies that Nature's Touch's protest was filed "at the port of Sumas, Washington." Admits the remainder of the allegation to the extent it is supported by the subject protest and entry documents, otherwise denies.

2. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.

3. Admits.

4. Admits except denies for lack of information or knowledge sufficient to form a belief as to whether plaintiff is a corporation organized and existing under the laws of Canada.

5. Admits.

6. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be deemed allegations of fact, denies that the subject merchandise consists of food preparations for purposes of tariff classification. Otherwise, denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

7. Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

8. Admits that the goods in the subject entries were classified by U.S. Customs and Border Protection (CBP) upon liquidation under the subheadings of the Harmonized Tariff Schedule of the United States (HTSUS) that are cited in this paragraph.  As to whether plaintiff correctly quoted the cited tariff provisions, admits to the extent supported by those tariff provisions, otherwise denies.

9. Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

10. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent they may be deemed allegations of fact, denies that defendant classified the goods in the subject entries, which were liquidated "as entered," pursuant to General Rule of Interpretation (GRI) 3(b) or (c).  Denies that GRI 3(b) and (c), which are the best evidence of their contents, are correctly described.

11. The answers to Paragraphs 1 through 10 of the Complaint are incorporated by reference as though fully set forth herein.

12. Admits to the extent supported by subheading 0811.90, HTSUS, which is the best evidence of its contents; otherwise denies.

13. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent they may be deemed allegations of fact, admits that subheading 0811.90, HTSUS and various subheadings thereunder provide for individual types of fruit and do not include the word "mixtures."  It is unclear what is meant by the phrase "specifically named single fruits."  Defendant denies this phrase for lack of information or knowledge sufficient to form a belief as to its truthfulness.  Denies any inference that fruit mixtures may not be classified in subheading 0811.90, HTSUS.  Denies the remainder of the paragraph.

14. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent they may be deemed allegations of fact, denies.

15. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent they may be deemed allegations of fact, denies.

16. The answers to Paragraphs 1 through 15 of the Complaint are incorporated by reference as though fully set forth herein.

17. Admits that plaintiff timely filed post-entry claims for duty-free treatment under the North American Free Trade Agreement (NAFTA) in accordance with Section 520(d) of the Tariff Act of 1930, as amended [19 U.S.C. §1520(d)] for Entry Nos. MK8-5382694-1, MK8-5383289-9, MK8-5383796-3, MK8-5384381-3, MK8-5384583-4, MK8-5384898-6, MK8-5385040-4, MK8-5385182-4, MK8-5385187-3, MK8-5386047-8, MK8-5386770-5, and MK8-5387494-1, and admits that plaintiff provided a NAFTA Certificate of Origin for these entries, but denies as to the remainder of the subject entries and otherwise denies.

18. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be deemed allegations of fact, denies.

Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 18, or to any relief whatsoever.

WHEREFORE, defendant respectfully requests that judgment be entered dismissing this action, overruling plaintiff's claim, sustaining the decision of the appropriate CBP official and the assessment thereunder, and granting defendant such other and further relief as may be just and appropriate.

DATED: December 11, 2020                    Respectfully submitted,

                                            JEFFREY BOSSERT CLARK
                                            Acting Assistant Attorney General

                                            JEANNE E. DAVIDSON
                                            Director

                                    By:     /s/ Justin R. Miller
                                            JUSTIN R. MILLER
                                            Attorney-In-Charge
                                            International Trade Field Office

                                            /s/ Jamie L. Shookman
                                            JAMIE L. SHOOKMAN
                                            Trial Attorney
                                            Department of Justice, Civil Division
                                            Commercial Litigation Branch

26 Federal Plaza – Suite 346
New York, New York 10278
(212) 264-2107
Attorneys for Defendant