**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HON. STEPHEN A. VADEN, JUDGE**

---------------------------------------------------------------------

| | |
|---|---|
| **NATURE'S TOUCH FROZEN FOODS (WEST), INC.,** | |
| Plaintiff, | |
| v. | No. 20-cv-00131 |
| **UNITED STATES,** | |
| Defendant. | |

---------------------------------------------------------------------

**PLAINTIFF'S MOTION FOR STAY OF ENFORCEMENT OF JUDGMENT PENDING APPEAL**

Plaintiff, Nature's Touch Frozen Foods (West), Inc. ("Nature's Touch"), by and through undersigned counsel, hereby moves this Court, pursuant to Rule 62 of the Rules of the U.S. Court of International Trade ("USCIT R."), to stay execution, pending appeal, of that portion of its judgment of May 26, 2023 (ECF No. 49), directing U.S. Customs Border and Protection ("CBP") to reliquidate certain entries of Plaintiff's imported frozen fruit mixtures.[1] The purpose of the requested stay is to preserve the status quo while Plaintiff pursues its appeal of Slip Op. 23-82 (ECF No. 48), before the U.S. Court of Appeals for the Federal Circuit.

---

[1] In Slip Op. 23-82, the Court stated:

> Judgment is entered ordering Customs to reclassify all the merchandise but to reliquidate only the following products: Antioxidant Blend Frozen, Frozen Medley Mixed Fruit, Blueberry Blitz, Organic Strawberry/Cherry/Kale, and Organic Triple Berry with Kale. Such reliquidation shall also not include entries of Organic Triple Berry with Kale originally liquidated in subheading 0811.90.52 at 10.9% and the single entry of Blueberry Blitz at Entry No. MK8-5346590 that was liquidated in subheading 0811.90.20 duty free, for which the Government does not claim duties owed. See Def.'s Br. at 23, 29, ECF No. 36. No other products shall be reliquidated, as the Government has made no claim for excess duties that would result from their proper reclassification into 0811.90.80, HTSUS.

Slip Op. 23-82, at p. 45.

1

Good cause exists to grant this Motion and order the requested stay. First and foremost, reliquidation of subject entries would moot Plaintiff's appeal as to those entries. If the Court's Judgment is ultimately affirmed on appeal, Defendant would not be harmed if the Court grants this Motion and orders the relief requested. There are no additional actions required to be taken by the Defendant and the reliquidations previously Ordered by this Court do not affect the assessment of duties on the goods in the entries at issue in this case. However, should the Federal Circuit disagree with Slip Op. 23-82, any refunds that would otherwise extend to Plaintiff from such a reversal would be available only if this Court grants this Motion and stays the instant Judgment. In this sense, denying this Motion and allowing reliquidations to occur will moot Plaintiff's appeal.

On June 23, 2023 Plaintiff contacted Brandon Kennedy, Esq., counsel for Defendant, to ascertain the Government's position on this motion. On June 28, 2023 counsel for the Government advised that it will be filing a separate response to the motion, in accordance with the Rules of the Court.

## BACKGROUND

Plaintiff commenced this action to contest the classification of various entries of imported frozen fruit mixtures. The products had been classified in various subheadings of Heading 0811, HTSUS, at various rates of duty, pursuant to CBP's application of General Rules of Interpretation ("GRI") 3(b) and 3(c) to the mixture. Plaintiff sought classification of the goods as "other" food preparations of subheading 2106.90.98, HTSUS. The Court, in its final judgment, held all the products to be classified under subheading 0811.90.80, HTSUS, a provision covering "other" frozen fruits. It directed CBP to reliquidate certain entries of merchandise, although such reliquidations would not result in the payment of additional duties to the government.

Plaintiff filed its Notice of Appeal in this case on June 23, 2022 (ECF 51). United States Court of International Trade Rule 62(a) provides an automatic stay against execution of a judgment for thirty (30) days after judgment is entered.[2] Plaintiff asks this Court to extend that period as prescribed in that rule, by granting a stay of execution pending final disposition of plaintiff's appeal.

## STANDARD OF REVIEW

"The power to stay a judgment pending appeal is part of a court's 'traditional equipment for the administration of justice.'" *Nken v. Holder*, 556 U.S. 418, 427 (2009) (quoting *ScrippsHoward Radio, Inc. v. FCC*, 316 U.S. 4, 9-10 (1942)). The Supreme Court has identified the four factors to be analyzed in determining whether to stay the enforcement of a judgment pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (citations omitted); *see also Standard Havens Prods., Inc. v. Gencor Industries, Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990).

The Court balances these factors. *See, e.g., Standard Havens*, 897 F.2d at 512- 13 (observing that "'[e]ach factor, however, need not be given equal weight.'. . . 'the four stay factors can effectively merge . . . , '[i]n considering whether to grant a stay pending appeal, this court assesses movant's chances for success on appeal and weighs the equities as they affect the parties and the public'" (citations omitted)); *Michigan Coalition of Radioactive Material Users, Inc. v.*

---

[2] Rule 62(a) provides:

(a) Automatic Stay. Except as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise.

*Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) ("These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together"). Notably, the Court has discretion to require less than a "strong showing" of success on appeal if the harm to the movant is especially great. *Standard Havens*, 897 F.2d at 513 (citing Hilton, 481 U.S. at 776).

## ARGUMENT

I.      **Plaintiff will Suffer Immediate Irreparable Harm Absent a Stay**

Absent a stay of judgment, Plaintiff faces irreparable harm.

It is well-established in the context of Customs entries, that liquidation of an entry moots a party's claims as to those entries and deprives a court of power to hear claims or grant relief with respect to such entries. *See, e.g., Agro-Dutch Ind. Ltd. v. United States*, 589 F.3d 1187 (Fed. Cir. 2009) ("liquidation moots a party's claim pertaining to the liquidated entries"). *See also Carbon Activated Corp. v. United States*, 791 F.3d 1312 (Fed. Cir. 2015); *In re Section 301 Cases*, 524 F. Supp. 3d 1355 (Ct. Int'l Tr. 2021); *Shandong Huarong Mach Co. v. United States*, 32 CIT 1313 (2008).

In *Sunpreme Inc. v. United States*, 2017 Ct. Int'l Tr. LEXIS 1 (2017), the court noted:

> Once liquidation occurs, a court is powerless to order the assessment of duties at a different rate. *SKF USA,* 512 F.3d at 1328 (citing *Zenith*, 710 F.2d at 810). The effect of this rule is to render "a court action moot once liquidation occurs," even deemed liquidation pursuant to 19 U.S.C. § 1504(d). Id. at 1329 (citing Zenith, 710 F.2d at 810). Moreover, mootness "does not depend on the [actual] disbursement of funds but rather on the fact of liquidation itself."

*Id.* at *7.

Because the harm resulting to plaintiff if the stay is not granted would be absolute, this factor should be weighted most heavily in the Court's analysis.

## II. Plaintiff Has Made a Strong Showing That it is Likely to Succeed on the Merits in Appeal

It is always a fraught exercise to argue the strong likelihood of success on appeal to the Court from whose decision the appeal is taken. However, this case presents issues of first impression concerning the classification of frozen fruit mixtures, and the extent to which such mixtures may be classified using GRI 1, and when resort to GRI 3 is necessary. We also note that the Court's decision classifying the mixtures under the "other" provision in subheading 0811.90.80, HTSUS was based on a construction of the term "other" with which both parties disagreed. The appeal therefore presents at least a substantial legal question, and there is a possibility that the Federal Circuit will take a different view.

Declining to review the likelihood of success on appeal altogether would be an abuse of discretion. *Munaf v. Geren*, 553 U.S. 674, 690–91 (2008). That being said, in *E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co.*, 835 F.2d 277, 278-79 (Fed Cir. 1987), the Federal Circuit indicated that, despite an absence of likelihood of success on the merits, a substantial legal question will justify granting a stay if the movant demonstrates irreparable harm, that the public interest favors granting the stay, and a lack of harm to the non-movant. Viewed together, the court must evaluate likelihood of success on the merits, but this criterion alone may not be determinative as to whether or not to grant a stay. *See E.I. DuPont*, 835 F.2d at 278–79, *Munaf v. Geren*, 553 U.S. at 690–91. This Court has granted stays pending appeal even in cases where it determined the appellant had not demonstrated a likelihood of success on appeal. *See Sunpreme, supra* ("the court cannot find that Defendant has demonstrated a likelihood of success on the merits. Thus, this one factor does not favor granting a stay. However, likelihood of success is only one factor for the court to consider, and the fact that the legal issue is one of first impression allows for at least the possibility that a reviewing court may disagree").

Plaintiff submits that has a likelihood of success on appeal, since the Court's decision involves a somewhat unprecedented approach to the classification of "mixtures". But given the certainty of irreparable harm if the stay is not granted and the entries are finally liquidated, the irreparable harm factor deserves the greatest weight in this analysis.

### III.   Balance of Hardships; Injury to Defendant

Defendant will not be injured by the entry of the requested stay in this case. The proposed reliquidations do not involve the assessment of collection of any additional duties[3]. The Government has already collected all duties on those entries that this Court held it is entitled to.[4] Plaintiff, on the other hand, will be unsuited as to reliquidated entries if the stay is not granted. The balance of hardships favors the plaintiff and the entry of the requested stay.

### IV.   The Public Interest Is Served By a Stay of Judgment

Finally, the public interest is served by entering the stay of enforcement of the judgment. Customs protest cases are unique in that the court is charged with finding the correct result, regardless of which positions are taken by the parties. *Jarvis Clark Co. Inc. v. United States*, 733 F.2d 873 (Fed. Cir. 1984). The purpose of the rule is to ensure decisions which provide guidance for Customs and the trade community with respect to future shipments. *See Jarvis Clark Co. v. United States*, 739 F.2d 628 (Fed. Cir. 1984). The public interest would be served by having the broadest range of products before the Federal Circuit for its consideration.

---

[3] This Court has indicated that the Government does not have a cause of action to collect duties in excess of those assessed upon final liquidation of an entry. *See, e.g., Maple Leaf Marketing Inc., v. United States*, Slip Op. 23-90 (June 14, 2023); *Cyber Power Systems (USA) Inc. v. United States*, 586 F. Supp. 3d 1325 (Ct. Int'l Tr, 2022).

[4] Plaintiff notes that in most cases where the court rules in favor of Defendant, as here, the court simply dismisses the action. It is rare for a court to order reliquidations, in such circumstances.

Finally, USCIT R. 62(b) provides that a party can automatically obtain a stay of enforcement of a judgment by filing a bond with the Court. Plaintiff submits that, as the reliquidations sought to be stayed do not involve the assessment of any additional monies, no bond should be required of Plaintiff.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully prays that this Court stay enforcement of its judgment pending the final disposition of appellate proceedings in this matter.

                                            Respectfully submitted,

                                            NEVILLE PETERSON LLP

                                            /s/ John M. Peterson
                                            John M. Peterson
                                            Richard F. O'Neill
                                            Patrick B. Klein
                                            One Exchange Plaza
                                            55 Broadway, Suite 2602
                                            New York, NY 10006
                                            (212) 635-2730
                                            jpeterson@npwny.com

                                            *Counsel for Plaintiff*

Dated:  June 28, 2023

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HON. STEPHEN A. VADEN, JUDGE**

------------------------------------------------------------------- X
NATURE'S TOUCH FROZEN FOODS (WEST), : 
INC., :
 :
      **Plaintiff,** :
 :
      *v.* :    No. 20-cv-00131
 :
**UNITED STATES,** :
 :
      **Defendant.** :
------------------------------------------------------------------- X

## CERTIFICATE OF COMPLIANCE

    I, Patrick B. Klein, of Neville Peterson LLP, who is responsible for the instant Brief, relying upon the word count feature of the word processing program used to prepare the Brief, certify that it complies with the word count limitation under the Court's Standard Chambers Procedures and contains 1,964 words.

    Respectfully submitted,

    /s/ Patrick B. Klein
    Patrick B. Klein