UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. STEPHEN ALEXANDER VADEN, JUDGE

| | | |
|---|---|---|
| NATURE'S TOUCH FROZEN FOODS (WEST) INC., | : : : : | |
| Plaintiff, | : : | Court No. 20-00131 |
| v. | : : : | |
| UNITED STATES, | : : : | |
| Defendant. | : : | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR
STAY OF ENFORCEMENT OF JUDGMENT PENDING APPEAL**

Pursuant to Rules 7 and 62 of the Rules of the Court, Defendant United States respectfully responds to plaintiff's motion for stay of enforcement of the judgment pending appeal. As a threshold matter, a stay is unnecessary and not contemplated by the law for this type of case. Plaintiff seeks a stay of the Court's judgment to prevent the reliquidation of its entries prior to the conclusion of its appeal. But, for cases commenced under 19 U.S.C. § 1514(a) and 28 U.S.C. § 1581(a), the law instructs U.S. Customs and Border Protection (CBP) not to effectuate a judgment until it becomes final – that is, when all appeals or the possibility of appeals are foreclosed. In this case, plaintiff has commenced an appeal and, thus, this Court's judgment has not become final. Consequently, plaintiff has no basis to fear the reliquidation of its entries during the pendency of the appeal and a request for a stay of the Court's judgment is unnecessary. For this reason, as well as those discussed below, we respectfully request that plaintiff's motion be denied.

**BACKGROUND**

This case concerns various frozen fruit mixture products that plaintiff, Nature's Touch, imported into the United States from Canada between June 6, 2018, and November 21, 2018. Summons, ECF 1, at 3–4. At liquidation, CBP classified the subject merchandise under heading 0811, HTSUS, which covers "Fruit and nuts, uncooked or cooked by steaming or boiling in water, frozen, whether or not containing added sugar or other sweetening matter." Pl.'s Statement of Undisputed Material Facts (Pl.'s Facts), ECF 28, ¶¶ 11–24. Depending on the ingredients of the mixture, Customs classified the merchandise in liquidation under the various HTSUS subheadings: 0811.90.10 ("Bananas and plantains"), 0811.90.20 ("Blueberries"), 0811.90.52 ("Mangoes"), and 0811.90.80 ("Other"). Pl.'s Facts ¶¶ 11–24; Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts (Def.'s Resp. Facts), ECF 36, ¶¶ 11–24. Plaintiff claimed that the frozen fruit mixtures should instead be classified under subheading 2106.90.98, HTSUS, as "Food preparations not elsewhere specified or included: Other: Other: Other: Other: Other: Other" and that the merchandise was eligible for duty-free treatment under the North American Free Trade Agreement (NAFTA). Summons, at 1–2. Thereafter, both parties submitted motions for summary judgment.

On May 26, 2023, the Court issued its decision in Slip. Op. 23-82, ECF 48, granting in part the Government's motion for summary judgment as to the classification of Antioxidant Blend Frozen, Frozen Medley Mixed Fruit, Blueberry Blitz, Organic Strawberry/Cherry/Kale, and Organic Triple Berry with Kale, denying in part the Government's motion as to the classification of the remaining nine products, ordering CBP to reclassify all of the products into 0811.90.80, HTSUS, and denying plaintiff's motion for summary judgment.

On the same day, the Court issued the judgment for Slip. Op. 23-82, ECF 49, which ordered the following:

> ORDERED that Nature's Touch's Motion for Summary Judgment, ECF 28, is DENIED; and it is further
> ORDERED that the Government's Cross-Motion for Summary Judgment, ECF 36, is GRANTED IN-PART and DENIED IN-PART; and it is further
> ORDERED that the merchandise at issue is properly classified in subheading 0811.90.80, HTSUS; and it is further
> ORDERED that the following products shall be reliquidated at a duty rate of 14.5% *ad valorem*: (1) Antioxidant Blend Frozen, (2) Frozen Medley Mixed Fruit, (3) Blueberry Blitz, (4) Organic Strawberry/Cherry/Kale, and (5) Organic Triple Berry with Kale; and it is further
> ORDERED that such reliquidation shall not apply to entries of Organic Triple Berry with Kale that were originally classified in subheading 0811.90.52, HTSUS at a duty rate of 10.9% *ad valorem*, nor to the entry of Blueberry Blitz at Entry No. MK8-53465690 that was originally classified duty-free in subheading 0811.90.20, HTSUS; and it is further
> ORDERED that the following products shall not be reliquidated, and that Nature's Touch shall not be liable for excess duties resulting from their reclassification into subheading 0811.90.80, HTSUS: (1) Frozen Strawberry/Banana, (2) Frozen Berry Mix, (3) Frozen Triple Berry, (4) Organic Mixed Berry, (5) Organic Very Berry Burst, (6) Organic Strawberry/Blueberry/Mango, (7) Organic Tropical Blend, (8) Organic Green Mango Medley, and (9) Organic Tropical Fruit and Greens.

On June 23, 2023, plaintiff filed a notice of appeal of the Court's judgment. Thereafter, plaintiff filed a motion requesting a stay of the enforcement of the judgment pending appeal.

I.     STANDARD FOR A STAY OF ENFORCEMENT OF JUDGMENT

"[A]ll orders and judgments of courts must be complied with promptly." *Maness v. Meyers*, 419 U.S. 449, 458 (1975). "Except as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." USCIT Rule 62(a). "At any time after judgment is entered, a party may

3

obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." USCIT Rule 62(b).

## II. THE BASIS FOR PLAINTIFF'S MOTION IS NOT SUPPORTED BY THE LAW - CBP DOES NOT EXECUTE A JUDGMENT FOR CASES COMMENCED UNDER 19 U.S.C. § 1514(a) AND 28 U.S.C. § 1581(a) UNTIL THE JUDGMENT HAS BECOME FINAL

As a threshold matter, the basis for plaintiff's motion is not supported by the law. Plaintiff seeks a stay of the Court's judgment to prevent the reliquidation of its entries prior to the conclusion of its appeal. However, as we show below, for cases commenced under 28 U.S.C. § 1581(a) to seek judicial review of one of the decisions identified in 19 U.S.C. § 1514(a), the law instructs CBP not to effectuate a judgment until the judgment becomes final – that is, when all appeals or the possibility of appeals are foreclosed. Consequently, a stay of the Court's judgment is not necessary.

### 1. CBP Takes "Action Accordingly" When A Judgment Of The Court "Has Become Final"

Pursuant to 19 U.S.C. § 1514(a), "[w]hen a judgment or order of the United States Court of International Trade *has become final*, the papers transmitted[1] shall be returned, together with

---

[1] The papers transmitted to the Court, for cases commenced under 28 U.S.C. § 1581(a), are "any document, paper, information or data relating to the entry of merchandise and the administrative determination that is the subject of the protest or petition." 28 U.S.C. § 2635(a).
  The Court has identified this material with more specificity in USCIT Rule 73.1. When a case is commenced under 28 U.S.C. § 1581(a), CBP is required to file the "(1) information contained in the entry summary; (2) commercial invoice and any other relevant documents associated with the entry, submitted by or on behalf of the importer; (3) protest or petition, including any attachments and supplements; and (4) decision on the protest or petition." USCIT Rule 73.1 (effective Oct. 21, 2019). The Rule also provides for the filing of samples of the merchandise in certain circumstances. *Id*.
  Prior to April 23, 2018, CBP filed these documents with the Court in paper form. These papers were then placed in the court jacket for each case. However, with the amendment of Rule

a copy of the judgment or order to the Customs Service, which shall *take action accordingly*."

Emphasis added.  The statute provides as follows:

> **19 U.S.C. § 1514(a) Finality of decisions; return of papers**
>
> (a) Except as provided in subsection (b) of this section, section 1501 of this title (relating to voluntary reliquidations), section 1516 of this title (relating to petitions by domestic interested parties), section 1520 of this title (relating to refunds), and section 6501 of Title 26 (but only with respect to taxes imposed under chapters 51 and 52 of such title), any clerical error, mistake of fact, or other inadvertence, whether or not resulting from or contained in an electronic transmission, adverse to the importer, in any entry, liquidation, or reliquidation, and, decisions of the Customs Service, including the legality of all orders and findings entering into the same, as to--
>> (1) the appraised value of merchandise;
>> (2) the classification and rate and amount of duties chargeable;
>> (3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury;
>> (4) the exclusion of merchandise from entry or delivery or a demand for redelivery to customs custody under any provision of the customs laws, except a determination appealable under section 1337 of this title;
>> (5) the liquidation or reliquidation of an entry, or reconciliation as to the issues contained therein, or any modification thereof, including the liquidation of an entry, pursuant to either section 1500 of this title or section 1504 of this title;
>> (6) the refusal to pay a claim for drawback; or
>> (7) the refusal to reliquidate an entry under subsection (d) of section 1520 of this title;
>
> shall be final and conclusive upon all persons (including the United States and any officer thereof) unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade in accordance with chapter 169 of Title 28 within the time prescribed by section 2636 of that title. *When a judgment or order of the United States Court of*

---

73.1 (effective April 23, 2018), CBP now files this information electronically through the Court's case management/electronic case files system (CM/ECF).

> *International Trade has become final, the papers transmitted shall be returned, together with a copy of the judgment or order to the Customs Service, which shall take action accordingly.*

Emphasis added.

The transmission of the judgment to CBP, upon becoming final, is also reflected in the Rules of the Court. Pursuant to USCIT Rule 80(d), "[w]hen a judgment or order of the court has become final, papers, exhibits, and other material transmitted to the court pursuant to 28 U.S.C. § 2635, must be returned by the clerk, together with a copy of the judgment or order, to the agency from which they were transmitted." USCIT Rule 80(d) (Return and Removal).

### 2. The Phrase "Take Action Accordingly" In Section 1514(a) Means Effectuate The Judgment

The return of these materials to CBP is significant because CBP must "take action accordingly." "Accordingly" means "in a way that is suitable or right for the situation." *Accordingly*, Cambridge Dictionary, https://dictionary.cambridge.org/us/dictionary/english/accordingly (last visited July 13, 2023). Here, section 1514(a) references the transmission of the judgment or court order to CBP in connection with the instruction to take action. Consequently, for section 1514(a), "take action accordingly" means for CBP to act accordingly to the directives of the judgment or order that is sent by the Court.

Relief in most section 1581(a) cases is effectuated through the reliquidation of the entries. *See, e.g.*, Court Form 9 ("IT IS HEREBY ORDERED that [this action is] [these actions are] decided and this final judgment is to be entered by the Clerk of the Court; the appropriate U.S. Customs and Border Protection officials shall reliquidate the [entry] [entries] and make refund in accordance with the stipulation of the parties set forth above."). This is particularly relevant for cases seeking judicial review of decisions as to valuation, classification, liquidation/reliquidation

(or the refusal thereof), and drawback cases (or the refusal to pay drawback claims). 19 U.S.C. § 1514(a)(1), (2), (3), (5), (6), (7). The Court's judgment in this case is consistent with this form of relief as it directs CBP to reliquidate or not reliquidate the entries as.

Operationally, when importers submit entry documents to CBP in physical form, CBP generally cannot reliquidate entries without the papers because CBP uses the physical papers, including the commercial invoice, to accomplish the task. The "entry summary" is "any other documentation or electronic submission of data necessary to enable CBP to assess duties, and collect statistics on imported merchandise, and determine whether other requirements of law or regulation are met." 19 C.F.R. § 141.0a(b). The invoice provides a detailed description of the merchandise including the name by which it is known, the quantities, the price or value, among other data, which comprises the pertinent information that CBP uses to assess duties. 19 C.F.R. § 141.86. The "papers" transmitted to the Court under 19 U.S.C. § 1514(a) and USCIT Rule 73.1 are "part of the official record," 28 U.S.C. § 2635(a), and their return to the agency ensures that the agency accomplishes the reliquidation based on the documents of the official Court record.

CBP's regulations provide timeframes for the reliquidation of entries following Court decisions. Pursuant to 19 C.F.R. § 176.31(a), "an entry which is the subject of a decision of the U.S. Court of International Trade shall be reliquidated in accordance with the judgment order thereon at the expiration of 60 days from the date of the decision, unless an appeal or motion for a rehearing is filed." If an appeal is filed, the entries "shall be reliquidated at the expiration of 90 days from the date of entry of decision by that court and only upon receipt of the judgment order from the U.S. Court of International Trade." 19 C.F.R. § 176.31(c). "However, no such entry

7

shall be reliquidated pursuant to such order if a petition for certiorari is taken to the Supreme Court." *Id*.  For completeness, the regulation provides as follows:

> **19 C.F.R. § 176.31 Reliquidation following decision of court.**
>
> (a) Decision of U.S. Court of International Trade.  Except as provided in paragraph (c) of this section, *an entry which is the subject of a decision of the U.S. Court of International Trade shall be reliquidated in accordance with the judgment order thereon at the expiration of 60 days from the date of the decision, unless an appeal or motion for a rehearing is filed*.  However, entries which are the subject of decisions of the court following a decision of the Court of Appeals for the Federal Circuit which involve the same issue, or which are based on submission of an agreed statement of fact, may be reliquidated immediately upon receipt of the judgment orders from the U.S. Court of International Trade.
>
> (b) Decision of the Court of Appeals for the Federal Circuit.  Except as provided in paragraph (c) of this section, *an entry covering merchandise which is the subject of a decision of the Court of Appeals for the Federal Circuit shall be reliquidated at the expiration of 90 days from the date of entry of decision by that court and only upon receipt of the judgment order from the U.S. Court of International Trade*.  However, no such entry shall be reliquidated pursuant to such order if a petition for certiorari is taken to the Supreme Court.
>
> (c) Waiver of right of appeal.  Upon receipt of a letter from the Assistant Attorney General, Civil Division, Department of Justice, signed by the Chief, Customs Section, advising that no appeal will be taken from a decision of the U.S. Court of International Trade or that it has been determined that no petition for certiorari shall be filed in the Supreme Court to review a decision of the Court of Appeals for the Federal Circuit, any entry or entries covered by such decision may be reliquidated pursuant to the judgment of the U.S. Court of International Trade prior to the expiration of the times specified in paragraphs (a) and (b) of this section.

Emphasis added.

This framework shows that the phrase "take action accordingly" is an instruction to CBP to effectuate the terms of the judgment or order, which for most section 1514(a) cases, involves the reliquidation of entries. 19 U.S.C. § 1514(a).

### 3. The Phrase "Has Become Final" In Section 1514(a) Means When The Judgment Is No Longer Subject To Appeal

The Court returns the papers and transmits a copy of the judgment to CBP when the judgment "has become final." 19 U.S.C. § 1514(a); USCIT Rule 80(d). Black's Law Dictionary defines "final judgment" as "[a] court's last action that settles the rights of the parties and disposes of all issues in controversy, except for the award of costs (and, sometimes, attorney's fees) and enforcement of the judgment." 11th ed. (2019) ("Also termed *final appealable judgment*; *final decision*; *final decree*; *definitive judgment*; *determinative judgment*; *final appealable order*.").

Within the context of 19 U.S.C. § 1514(a), "[b]ecause a judgment of this Court is final and appealable on the date it is issued, a judgment can only 'become final' in the sense that it is no longer subject to appeal or collateral attack, *i.e.*, final and conclusive." *Diamond Sawblades Mfrs. Coalition v. United States*, 650 F.Supp.2d 1331, 1347 (Ct. Int'l Trade 2009) (citing *Heraeus–Amersil v. United States*, 638 F.Supp. 342 (Ct. Int'l Trade 1986)), *aff'd, Diamond Sawblades Mfrs. Coalition v. United States*, 626 F.3d 1374 (Fed. Cir. 2010). The Court has described the statutory language ("has become final") as a "clear statutory directive" and an indication "to delay the enforcement of this Court's decisions." *Diamond Sawblades*, 650 F.Supp.2d at 1347.

CBP's regulations implement this legal maxim by setting timeframes for reliquidation subsequent to court decisions. As indicated above, "an entry which is the subject of a decision of

9

the U.S. Court of International Trade shall be reliquidated in accordance with the judgment order thereon at the expiration of 60 days from the date of the decision, *unless an appeal or motion for a rehearing is filed*." 19 C.F.R. § 176.31(a) (emphasis added). *If an appeal is filed*, the entries "shall be reliquidated at the expiration of 90 days from the date of entry of decision by that court and only upon receipt of the judgment order from the U.S. Court of International Trade." 19 C.F.R. § 176.31(c) (emphasis added).

An example of this framework is reflected in *Heraeus–Amersil*, 638 F.Supp. at 342. In that proceeding, the Court issued a decision and judgment in a tariff classification proceeding brought under 19 U.S.C. § 1514(a) and 28 U.S.C. § 1581(a). *Id*. at 343. There was some confusion over which entries were covered by the Court's decision, and to resolve the confusion, the Court vacated its initial opinion and judgment and issued a second opinion, clarifying that it was entering judgment for plaintiff for only six entries. *Id*. The parties thereafter commenced an appeal. *Id*. Shortly after the filing of the appeal, the Clerk of the Court returned the entry papers to CBP, along with the first slip opinion, judgment, and only portions of the second slip opinion. *Id*. CBP, in turn, attempted to reliquidate all of the entries under the tariff provision claimed by plaintiff, and as a result, CBP mistakenly issued refunds to the importer in the amount of $13,503.77, plus $4,845.50 in interest payments. *Id*.

The Government requested the return of the money since the case was on appeal and no final judgment had been entered. *Id*. The plaintiff refused, and the Government filed an application for an order to show cause. *Id.* In response, the plaintiff challenged the Court's jurisdiction to provide relief.

The Court rejected the importer's arguments.  The Court held that it was "not divested of jurisdiction to ensure the proper implementation of its judgment or compliance with statutory procedures pending the finality of its judgment." *Id*. at 344.  It further held that the refund was not made in accordance with the judgment and a reimbursement was necessary to ensure "maintenance of the status quo pending the appeal, as the statutory scheme requires." *Id*.

Specifically, the Court held that:

> Although Customs' refund of monies was ostensibly pursuant to the Court's order of August 27, 1985, it was not in accordance with that order since the refund was based upon attempted reliquidations of nine entries rather than upon the six entries called for by the order.  Further, Customs did not carry out the refund pursuant to a final court order since the case was on appeal.  See 28 U.S.C. § 2645(c) (1982) (pertaining to the finality of judgments unless rehearing granted or appeal taken).  This Court thus has authority and responsibility to implement the Order of the Court of Appeals and take "such action as may appear ... necessary or desirable to restore matters to the status quo prior to the error" resulting in the refund of monies.  Such authority is indispensible to ensuring the Government's security as contemplated by 19 U.S.C. § 1514(a) (1982), which provides for the reliquidation of entries or refund of duties only after a court judgment has become final.

*Heraeus–Amersil*, 638 F.Supp. at 344.  Consistent with this reasoning, the Court ordered plaintiff to return the monies to CBP pending a final court decision in the case.  *Id*.

The holding in *Heraeus–Amersil* shows that, when an appeal is filed in tariff classification cases brought under 19 U.S.C. § 1514(a) and 28 U.S.C. § 1581(a), the law requires CBP to maintain the status quo (*i.e.*, delay enforcing the judgment) until the judgment becomes final (*i.e.*, when it is no longer subject to appeal).  Here, plaintiff has filed a notice of appeal of the Court's judgment, and CBP will not be effectuating the judgment and reliquidating the

11

entries during the pendency of the appeal.  Therefore, plaintiff's application for a stay is unnecessary and not contemplated by the law.

Notably, this description of a final judgment is consistent with the description by the U.S. Court of Appeals for the Federal Circuit for a "final decision" in the context of the antidumping statute, 19 U.S.C. § 1516a(e)(2), which it has defined as "a decision that is 'conclusive,' where all appeals or possibility of appeals are foreclosed." *Yancheng Baolong Biochemical Prods. Co. v. United States*, 406 F.3d 1377, 1381 (Fed. Cir. 2005) (quoting *Timken Co. v. United States*, 893 F.2d 337, 339 (Fed. Cir. 1990)).

One operational note – it is our understanding that for section 1581(a) cases commenced prior to April 23, 2018, when a judgment becomes final, the Office of the Clerk of the Court physically mails this judgment along with the Rule 73.1 documents to CBP (*i.e.*, the entry papers, protests, and protest decisions, *etc.*).  This is because, as we referenced in footnote 1, these documents are being provided to the Court in paper form, and CBP generally cannot effectuate a judgment until the physical entry papers are returned.  However, for section 1581(a) cases commenced on or after April 23, 2018, after which entry papers are filed electronically, it is our understanding that the Clerk does not return any documents to CBP, including the final judgment.  Nevertheless, CBP continues to effectuate judgments when they become final, in accordance with the legal framework above.

**III.    PLAINTIFF'S APPLICATION FAILS UNDER THE TRADITIONAL FOUR-FACTOR BALANCING TEST FOR THE STAY OF JUDGMENTS**

"'[A]s part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal.'"  *Nken v. Holder*,

556 U.S. 418, 427 (2009) (quoting *Scripps-Howard Radio, Inc. v. FCC*, 316 U.S. 4, 9-10 (1942)).  Under the traditional legal standard for a stay articulated by the Supreme Court,

> a court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."

*Nken*, 556 U.S. at 427 (quoting *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987)).  "The first two factors of the traditional standard are the most critical."  *Nken*, 556 U.S. at 434.

A balance of the four factors shows that a stay is not warranted, primarily because there is no harm, irreparable or other.  We begin our discussion with this factor.

### 1. **Plaintiff Cannot Show Irreparable Injury Absent A Stay**

Plaintiff argues that it will be irreparably harmed because the "liquidation of an entry moots a party's claims as to those entries and deprives a court of power to hear claims or grant relief with respect to such entries."  Pl. Mot., ECF 53, at 4.  This argument is misplaced in several respects.

First, we assume plaintiff's reference to the liquidation of the entries was in error.  The entries in this action have already liquidated (indeed, those liquidations formed the basis for the administrative protest and the subsequent judicial review).  We assume that, for this argument, plaintiff intended to reference the reliquidation of the entries in conformity with the judgment.  *See*, *e.g.*, Pl. Mot., ECF 53, at 4 ("reliquidation of subject entries would moot Plaintiff's appeal as to those entries.").  However, as we established above, CBP will not reliquidate the entries until the judgment becomes final – that is, after the conclusion of all appeals.  Consequently,

13

plaintiff has no basis to fear the reliquidation of its entries during the pendency of the appeal, and plaintiff will not suffer any irreparable harm absent a stay.

Alternatively, if the reference to the liquidation of the entries was not in error, plaintiff's argument fails as a matter of law.  Plaintiff's claims will not become moot in the manner described in its brief because the liquidation of its entries remains non-final given the filing of the protest and the commencement of the court action.  Specifically, as indicated in 19 U.S.C. § 1514(a), decisions as to the classification and rate and amount of duties chargeable, or the liquidation or reliquidation of an entry, shall be final and conclusive upon all persons (including the United States and any officer thereof) "unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade in accordance with chapter 169 of Title 28 within the time prescribed by section 2636 of that title."  Here, because plaintiff filed a protest and then a civil action, the liquidations are non-final and will remain non-final through the pendency of all appeals.

Therefore, plaintiff's claims will not become moot in the manner addressed by *Agro-Dutch Ind. Ltd. v. United States*, 589 F.3d 1187 (Fed. Cir. 2009), *Carbon Activated Corp. v. United States*, 791 F.3d 1312 (Fed. Cir. 2015), *In re Section 301 Cases*, 524 F.Supp.3d 1355 (Ct. Int'l Trade 2021), *Shandong Huarong Mach Co. v. United States*, 32 CIT 1316 (2008), and *Sunpreme Inc. v. United States*, 2017 Ct. Intl. Tr. LEXIS 1 (2017), and these cases have no applicability to the circumstances of this case.  Pl. Mot., ECF 53, at 4.

## 2. **Plaintiff's Application Fails Under The Remaining Factors For A Stay**

Plaintiff's application fails under the remaining factors of *Nken*, 556 U.S. at 427. Plaintiff argues that the Court's decision in Slip. Op. 23-82 "was based on a construction of the term 'other' with which both parties disagreed" and that "[t]he appeal therefore presents at least a substantial legal question." Pl. Mot., ECF 53, at 5. Plaintiff also argues that "there is a possibility that the Federal Circuit will take a different view." *Id.* However, the showing of a substantial legal question is not the standard by which the Court evaluates an application for a stay of the judgment. Rather, plaintiff must make a strong showing that it will likely succeed on the merits. *Nken*, 556 U.S. at 427. Here, plaintiff fails to identify any factual or legal errors in the Court's decision.

Second, the public interest is best served by the proper enforcement of existing rules, statutes, and regulations that govern the timing and enforcement of judgments in the Court. As we have explained *supra* in Section II, the legal framework for the commencement and resolution of actions commenced under 19 U.S.C. § 1514(a) and 28 U.S.C. § 1581(a) instructs CBP not to effectuate a judgment until it becomes final. As such, this factor weighs against plaintiff's motion for a stay.

The final factor the Court considers is "whether issuance of the stay will substantially injure the other parties interested in the proceeding." *Nken*, 556 U.S. at 427. Because CBP, in the normal course, does not effectuate judgments in section 1581(a) cases until they are final, the Government will not be substantially injured by the issuance of a stay. Indeed, to maintain operational feasibility, if the Court decides to apply the law in a way requiring CBP to effectuate

15

the judgment prior to the conclusion of the appeal, we would join with plaintiff in requesting a stay of the judgment at this time to maintain the status quo pending the appeal.

## CONCLUSION

For all the foregoing reasons, we respectfully request that the Court deny plaintiff's motion for stay of enforcement of the judgment pending appeal.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

By: /s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Brandon A. Kennedy
BRANDON A. KENNEDY
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza – Suite 346
New York, New York 10278
(212) 264-9237

Dated: July 13, 2023                                    *Attorneys for Defendant*